

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 9:16CR14 |
| | § | |
| RAMON SANCHEZ-AGUILAR | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Ramon Sanchez-Aguilar, violated conditions of supervised release imposed by United States District Judge Alia Moses of the Western District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #1) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on December 6, 2016, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

**A. Procedural History**

Judge Moses sentenced Ramon Sanchez-Aguilar on July 2, 2014, after he pled guilty to the offense of Illegal ReEntry Into the United States, a Class C Felony. The Defendant was subsequently sentenced to 21 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions and a $100 special assessment.

On July 10, 2015, Mr. Sanchez-Aguilar completed his period of imprisonment and was transferred to the custody of Immigration and Customs Enforcement to be deported to Mexico. On May 12, 2016, jurisdiction was accepted by the Eastern District of Texas and the case was assigned to Judge Schneider and later transferred on December 6, 2016, to the docket of Chief United Sates Judge Ron Clark.

### B. Allegations in Petition

The United States Probation Office alleges that Mr. Sanchez-Aguilar violated a standard condition of his term of supervised release as follows:

*__Standard Condition No 19:__ If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant lawfully reenters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U. S. Probation Office.*

Specifically, on or about March 30, 2016, Ramon Sanchez-Aguilar, an illegal alien and citizen of Mexico, was found in the United States having been previously denied admission, excluded, deported or removed from the United States on or about July 10, 2015, and the offender did not receive the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security, the successor for this function pursuant to 6 U.S.C. §§ 202(3), 202(4) & 557, to reapply for admission, being voluntarily in the United States in violation of 8 U.S.C. § 1326(a) & (b).

Following his conviction in this case, Sanchez-Aguilar was released to immigration authorities and deported from the United States on July 10, 2015. On March 30, 2016, United States Border Patrol agents apprehended Sanchez-Aguilar in Crockett, Texas. Upon apprehension, Sanchez-Aguilar admitted to being a citizen of Mexico, and entering the United States illegally. There is no record that the defendant applied for or received permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after deportation.

On April 6, 2016, Sanchez-Aguilar was named in a single count Indictment filed in the Lufkin Division of the Eastern District of Texas, under Docket No. 9:16-cr-12-1. The Indictment charges the defendant with Criminal Alien Found Unlawfully Present in the United States after Deportation, occurring on or about March 30, 2016, in violation of 8 U.S.C. § 1326(a) &(b)(1)(2). The defendant remains in federal custody pending trial.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. The Government would establish through documents and testimony that the defendant illegally re-entered the United States, putting him in violation of standard condition no. 19, which prohibits him from illegally reentering the United States after deportation. The evidence would further show that on March 30, 2016, the defendant was apprehended in Crockett, Texas. There is no record that the defendant applied for or received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States after deportation.

Defendant, Ramon Sanchez-Aguilar, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he reentered the United States without permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after deportation.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(h). The Court factually finds by a preponderance of the evidence

that the defendant violated a standard condition of his supervision by re-entering the United States with permission from the Attorney General or the Secretary of the Department of Homeland Security. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(2). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Sanchez-Aguilar pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **seven (7) months** imprisonment, to be served **consecutively** to the term of imprisonment imposed in case number 9:16cr00012-1, with no additional term of supervised release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by

reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 9th day of December, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE